UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAN IV PACKARD SQUARE, LLC,

        Plaintiff,                                  Case Number 18-11404

v.                                                  Honorable David M. Lawson

CRAIG SCHUBINER,

        Defendant.

_____/

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL, AND DISMISSING CASE WITHOUT PREJUDICE**

On May 4, 2018, the plaintiff entity filed its complaint seeking to enforce an agreement by the defendant to act as guarantor for a construction loan in the amount of approximately $54 million. However, the plaintiff did not allege in the complaint any facts about the identity or citizenship of any of the members of the plaintiff LLC entity. After the Court issued a show cause order, the plaintiff sought to file that information under seal, contending that it feared that the defendant would misuse that information for improper purposes. The Court did not find adequate cause to seal the basic jurisdictional facts. Thereafter, the plaintiff opted to terminate the lawsuit, rather than disclose the information, and has filed a motion for voluntary dismissal without prejudice. The defendant, who has filed an answer to the complaint, opposes the motion and asks that the dismissal be *with* prejudice, and also seeks attorney's fees.

A plaintiff may dismiss his case on his own before a defendant becomes involved in the lawsuit. Fed. R. Civ. P. 41(a)(1)(A)(i). But once a defendant files an answer or a motion for summary judgment, the plaintiff may dismiss his case only by court order, and only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Defendant Schubiner has no quarrel with a dismissal, but he is not content to let the plaintiff simply walk away. He says that the plaintiff has caused excessive delay, and that the defendant has responded to two motions and incurred costs and attorney's fees. Those circumstances, says the defendant, justify dismissal that cannot be revisited and compensation for legal expenses.

The Court does not see it that way. This lawsuit has been pending for about ten weeks. The motions the defendant choose to oppose — a motion to seal and a motion for voluntary dismissal — did not require much effort. One might question that they even required a response, except perhaps for tactical reasons.

A court has the discretion to grant a motion for voluntary dismissal if the defendant would not suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). When assessing potential prejudice, courts generally will consider the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). These factors are merely a guide, and the plaintiff need not prevail on all of them; nor is the district court required to make any findings on the sufficiency of the plaintiff's explanation for dismissal. *Rosenthal v. Bridgestone/Firestone,* 217 F. App'x 498, 502 (6th Cir. 2007) (citing *Kovalic*, 855 F.2d at 474 (quotation marks omitted)).

Taken literally, the first factor favors the plaintiff, since the defendant incurred *no* expenses "prepar[ing] for trial." There has been no scheduling order entered in the case, and no discovery has

occurred. Contrary to the defendant's assertion, there has been no dilatory action by the plaintiff. The activity in this case has involved a jurisdictional question and the plaintiff's apparent struggle over revealing the identities of the LLC members behind the lawsuit. Although the cause of the plaintiff's angst over revelation is not readily apparent, the time taken to address the issue can hardly be characterized as excessive delay. There has been no motion for summary judgment or motion of any kind filed by the defendant.

A court's primary consideration in ruling on a motion for voluntary dismissal under Rule 41(a)(2) motion is to protect the nonmoving party from unfair treatment. *Grover*, 33 F.3d at 718. When a defendant claims unfairness over the expense of defending the lawsuit, it is useful to look into why the expense was incurred. And as noted above, the defendant incurred attorney's fees over matters of procedural fencing, which likely could have been avoided.

Finally, the Court may require payment of costs or attorney's fees upon dismissal of a case under Rule 41 if appropriate. *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965). And occasionally, "without prejudice" dismissals are accompanied by an award of costs. *Ibid.* But "no circuit court has held that such costs are mandatory." *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).

In determining whether payment of costs or fees should be a condition of dismissal without prejudice, courts generally consider: "(1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action." *Matthews v. General RV Center, Inc.*, 2017 WL 411354, at *1 (E.D. Mich. Jan. 31, 2017) (citations omitted). As discussed above, these factors,

except the last, favor the plaintiff. It is unlikely that the work that defendant's attorney put in this case will serve his client at a later time. But as should be apparent by now, most of that work could have been avoided by prudent litigation practice. Certainly, the defendant had a right to aggressively pursue a dismissal of the case against him. But choosing that course, when another option was available, places the responsibility for the costs of that choice squarely upon him, where the American Rule assigns it. *See Michigan Flyer, LLC v. Wayne Cty. Airport Auth.*, 162 F. Supp. 3d 584, 586-87 (E.D. Mich. 2016), *aff'd*, 860 F.3d 425 (6th Cir. 2017) (noting that the "American Rule" "usually governs litigation in the United States," and requires that "'litigants must pay their own attorney's fees'") (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978)).

For the reasons discussed above, the "proper" "terms" for cessation of the case against the defendant include a "without prejudice" designation and no award of costs or expenses.

Accordingly, it is **ORDERED** that the plaintiff's motion for voluntary dismissal [dkt. #14] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: July 25, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2018.

                                  s/Deborah Tofil
                                  DEBORAH TOFIL